DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Perrysburg Municipal Court that granted summary judgment in favor of appellees Richard Corwin and David Marx. For the following reasons, this court reverses the judgment of the trial court.
Appellant St. Paul Fire Marine Insurance Company ("St. Paul") sets forth the following assignments of error:
 "1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONSIDERED AND GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS NO LEAVE TO FILE WAS GIVEN AND PLAINTIFF'S TIME TO RESPOND HAD NOT EXPIRED AT THE TIME THE COURT RULED.
 "2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT INSURANCE COVERAGE EXISTED FOR DEFENDANTS BASED UPON THE INSUFFICIENT EVIDENCE BEFORE THE COURT AND AS A FACTUAL ISSUE REMAINED FOR TRIAL."
The facts that are relevant to the issues raised on appeal are as follows. On March 4, 1993, Richard Corwin was involved in a vehicular accident while driving a truck owned by his employer, appellee David Marx dba Marx Trucking ("Marx"). Tri-State Expedited Service, Inc. ("Tri-State") had leased the Marx truck for the transportation of certain goods. At the time of the accident, information identifying Tri-State was displayed on the truck, although Tri-State's goods had already been unloaded. Following the accident, Tri-State contacted St. Paul, its insurer, regarding a claim made by the injured party. St. Paul then asked Marx's insurer, United Southern Assurance Company ("United Southern"), if its policy with Marx provided coverage for damage to a third party's property. When Marx's insurer denied the existence of such coverage, St. Paul paid the third party's claim against Tri-State for $7,000. Based on its subrogation rights under its contract with Tri-State, St. Paul then stepped into Tri-State's shoes and, on November 20, 1998, filed a complaint against Marx alleging that Marx breached its contract with Tri-State when it operated its truck with Tri-State's certification numbers and logo displayed even though the truck was empty. St. Paul claimed that because of that breach of contract, Marx and Corwin, the driver, were liable for indemnification and/or contribution to St. Paul for the $7,000 it had paid to the injured third party.
Marx and Corwin filed an answer and motion to dismiss for failure to state a claim. In support of their motion to dismiss, they presented documentation to show that United Southern, their insurer at the time of the accident, had been declared insolvent on September 18, 1997. They argued that Marx is a Michigan resident and MCL 500.7925 applies to bar St. Paul from seeking indemnification from the insureds of an insolvent insurer.
St. Paul responded that Michigan law did not bar its action because the law relied upon by Marx and Corwin applies to claims arising from insurance contracts, and the claim in this case arises from the lease agreement between Marx and Tri-State, not from an insurance contract. St. Paul also argued that Marx's insurer had denied that its policy provided any coverage to Marx or Corwin for the accident, so there was no "covered claim" that would trigger the Michigan statutory law cited by Marx and Corwin.
The trial court treated Marx's motion to dismiss as a motion for summary judgment and concluded that Marx and Corwin were entitled to judgment as a matter of law. The trial court found that United Southern's denial of the claim was not relevant to this case because it was highly probable that an insurance company about to be liquidated would deny any claim, whether the claim should have been covered or not. The trial court further found that Michigan law does apply to St. Paul's cause of action and that, consequently, the claim against Marx is covered within the meaning of MCL 500.7925, which provides that where, as here, a claim has been paid by another insurer, that insurer is barred from seeking subrogation.
St. Paul appealed the trial court's decision and, on March 3, 2000, this court reversed the lower court, finding that there was a genuine issue of fact as to whether Marx had liability coverage from its insolvent insurer for the accident and that summary judgment therefore should not have been granted.
On June 23, 2000, Marx and Corwin filed a motion for summary judgment/motion for declaratory judgment, and on July 11, 2000, the trial court found that United Southern had been obligated to provide liability coverage for the 1993 accident and that, therefore, MCL 500.7925 barred St. Paul's claim. The trial court granted both the motion for declaratory judgment and the motion for summary judgment. It is from that judgment that appellant appeals.
In its first assignment of error, St. Paul asserts that the trial court erred by considering and granting Marx's motion for summary judgment when Marx had not sought leave to file the motion and by granting the motion before St. Paul's time in which to respond had expired.
As to St. Paul's first argument, the record shows that at a pretrial on May 16, 2000, the case was set for trial on September 18, 2000. Marx and Corwin filed their motion for summary judgment on June 23, 2000, and the trial court ruled on the motion on July 11, 2000. The record supports St. Paul's claim that Marx and Corwin did not file a motion for leave of court to file their motion for summary judgment.
Civ.R. 56(B) provides in pertinent part that "if an action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." St. Paul maintains that Marx and Corwin filed their motion in violation of Civ.R. 56(B). A court may, however, in the exercise of its sound discretion, consider a motion for summary judgment which has been filed without express leave of court after the action has been set for pretrial or trial. Indermill v. United Savings (1982),5 Ohio App.3d 243, paragraph one of the syllabus. In essence, the trial court in this case impliedly granted Marx and Corwin leave to file their motion for summary judgment when it considered and ruled on the motion. See, e.g., Stewart v. Cleveland Clinic Foundation (Nov. 24, 1999), Cuyahoga App. No. 75430, unreported. Further, Marx's motion was filed far enough in advance of trial to permit St. Paul to file a memorandum in opposition without necessitating a continuance of the trial date. Moreover, we find that St. Paul has not shown that it was prejudiced by Marx's filing their motion after the case had been set for trial. Accordingly, we find that the trial court's decision to rule on the motion for summary judgment was not an abuse of discretion and this argument is without merit.
St. Paul also argues that pursuant to Loc.R. 2.01(E) of the Perrysburg Municipal Court, a party has seventeen days in which to file a response to a properly filed summary judgment motion. That rule states that "[a]ny response to a motion shall be served within 17 days from the date the motion was filed, unless otherwise ordered by the court." St. Paul then asserts that, according to the rule, it had until July 11 to file a response and that, by issuing its ruling on July 11, the trial court failed to give it the full time to respond.
Civ.R. 56(C) provides that a party shall have fourteen days to respond to a motion for summary judgment. St. Paul therefore had until July 7, 2000 to file a response to Marx's motion. Further, Loc.R. 2.01(E) as quoted above does not extend the time for filing a response to seventeen days but rather directs that a response to a motion shall be served upon opposing counsel within seventeen days from the date the motion was filed. We therefore find that the trial court did not err by ruling on the motion on July 11, 2000.
Based on the foregoing, St. Paul's first assignment of error is not well-taken.
In its second assignment of error, St. Paul first asserts that the trial court erred by finding, as to Marx's request for declaratory judgment, that Marx's insurance company was obligated to provide liability coverage for the March 4, 1993 accident. St. Paul further asserts that if Marx did not have liability coverage at the time of the accident then St. Paul's claim is not barred by MCL 500.7925, and the trial court therefore erred by granting summary judgment in favor of Marx.
The first question before us is whether the trial court erred by finding that, under the terms of Marx's policy with United Southern, the insurance company was obligated to provide Marx with liability coverage for the 1993 accident. This court notes that the trial court made its finding that Marx was covered by liability insurance at the time of the accident without having before it a complete copy of Marx's policy. Neither Marx nor any of the several employees of the agency that took over United Southern's accounts when the company failed were able to produce a copy of the policy in effect at the time of the accident. Marx submitted the affidavit of Laura Myers, a claims specialist for the Michigan Property and Casualty Guaranty Association which handled Marx's file following the insolvency, in which Myers stated as follows:
 "4. To the best of my information and belief, the original claim file of United Southern Assurance Company had been destroyed prior to their insolvency. As a result, the Michigan Property Casualty Guaranty Association received only a `dummy file' relating to this claim, which contained portions of the policy and other information. (See Exhibit A.) Likewise, the insurance agent had previously destroyed its file for David Marx, and was therefore able to provide me with portions of a specimen policy only. (See Exhibit B.) Some documents were received from Mr. Marx directly. (See Exhibit C.) The complete materials received from the insolvency receiver, the agent and Mr. Marx are attached to this affidavit. I am unable to produce a certified copy of the United Southern Assurance Company policy in effect as of March 4, 1993."
St. Paul submitted the affidavit of Mark Hagen, one of the company's senior recovery analysts. Attached to Hagen's affidavit was a letter from Donna Miller, a claims examiner with United Southern Assurance Company, dated June 23, 1994, in which Miller stated as follows:
 "Please be advised our policy of insurance issued to David C. Marx, is a non-trucking policy. The policy specifically states `Liability coverage does not apply while covered `auto' is used in the business of anyone to whom it is leased or rented.
 "The above applies whether the vehicle is empty or loaded; therefore, we must advise you that there is no liability coverage available for the above loss."
Based upon the foregoing, we find that the trial court's determination, without a complete copy of the policy in the record, that United Southern was obligated to provide liability coverage to Marx was contrary to the evidence. The trial court had before it the affidavit of Laura Myers attesting to the unavailability of a copy of the policy as well as the letter from Donna Miller stating in regard to the March 4, 1993 accident that "there is no liability coverage available for the * * * loss." We therefore find that the trial court's determination in response to the request for declaratory judgment that United Southern was obligated to provide liability coverage to Marx for the accident was contrary to the evidence.
As to St. Paul's second argument, we note that the trial court based its decision to grant summary judgment on its finding that Marx was entitled to insurance coverage for the accident. Having reversed as to the issue of Marx's liability coverage, however, we now look to our decision on the first appeal in this case. In our decision filed March 3, 2000, we found that if Marx's company did not have liability coverage for the 1993 accident from the insolvent insurer, the existence of a policy with a now-insolvent insurer would be irrelevant to the claim filed against Marx by St. Paul, and that nothing in the Michigan statutes cited by the trial court would prevent St. Paul from pursuing its breach of the leasing contract claim against Marx. See St. Paul Fire Marine InsuranceCo. v. Richard Corwin, et al. (Mar. 3, 2000), Wood App. No. WD-99-041, unreported. Based on the foregoing, we find that the trial court erred by granting summary judgment in favor of appellees Marx and Corwin. Accordingly, appellant St. Paul's second assignment of error is found well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Perrysburg Municipal Court is reversed and remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellees.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Richard W. Knepper, J. CONCUR.